HENRY P. ROBERTS *vs.* GOLDEN FLAKE DOUGHNUT SHOPS, INC.

JULY 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

466

PER CURIAM. This proceeding in equity was originally brought for the purpose of having a receiver appointed to take charge of the respondent corporation's estate and effects.

The respondent was organized under the laws of this State September 27, 1932, and was located in Pawtucket. The purpose for which the respondent was organized was to operate a restaurant and engage in the manufacture and sale of doughnuts. A store was leased and furnished and the restaurant was opened for business October 24, 1932. February 1, 1933, the restaurant was closed and the next day a creditor attached respondent's goods in the store.

Petition for a receiver was filed on February 10 and a permanent receiver was appointed February 27. The decree appointing the receiver directed him to take charge of the effects and assets of the respondent. § 3523, G. L. 1923. On March 3 the receiver filed a petition in which he alleged that respondent owned and was possessed of a doughnut machine which was used in its business; that Wilfred L. Hagerty, formerly president of respondent corporation, removed the doughnut machine from respondent's restaurant before the appointment of the receiver, and prayed that he be ordered to return the machine to the

petitioner as receiver. After hearing, decree was entered granting the relief prayed for. Mr. Hagerty appealed from this decree on the grounds that it was against the law and the evidence and unjustly deprived him of his property.

It is admitted that Wilfred L. Hagerty owned the machine in question before the respondent was organized. He purchased it in 1916. He testified that when he organized the respondent corporation and was furnishing its restaurant he placed the machine in the restaurant and permitted it to be used by respondent. At that time and until November 30 Mr. Hagerty owned all the capital stock of the respondent corporation and was its president and general manager. He testified that November 30 he sold 100 shares of the common stock to his brother Paul who became president and manager of the respondent. Paul died on December 28, 1932.

Mr. Hagerty testified that December 1 he sold the machine to his brother Paul for $750 and took a mortgage on it for the purchase price; that February 1, 1933, the first of the serial notes given by Paul for the machine became due; that, having heard of threatened attachments against respondent, he took possession of the machine on February 4 and removed it from the store. The mortgage was not recorded within five days from the date it was signed; but this fact did not render it invalid between the parties thereto. § 4387, G. L. 1923.

It is admitted that the receiver never had possession of the machine and that it was removed from the possession of the respondent before the petition for the appointment of a receiver was filed. The Superior Court has jurisdiction in equity of petitions for the appointment of receivers and may make and enter such orders and decrees as justice and equity may require. § 3525, G. L. 1923, as amended by P. L. 1931, Chap. 1776. As a general rule a receiver cannot, on his own initiative or by summary process issued by the court which appointed him, seize property in the possession of a stranger to the record claiming title and right to pos-

session—the proper procedure being either for the receiver to bring an independent action against the adverse claimant or to have the claimant made a party to the receivership proceedings. 53 C. J. 116, 316; 23 R. C. L. 60; *Ex parte Renfro,* 40 A. L. R. 900, note 904.

However, it was not suggested in the Superior Court that the petitioner had a plain, complete and adequate remedy at law. On the other hand, Hagerty, the respondent in the petition, without objecting to the jurisdiction of the court, proceeded to trial and presented his whole defense to the merits of the petition. After receiving evidence from both parties, including testimony of Hagerty, the court found that he had no right to retain possession of the machine.

The court had jurisdiction of the parties and general jurisdiction of the subject-matter. Hagerty, by failing to object to the jurisdiction of the court, then sitting in equity, waived all objection to the jurisdiction of the equity court and is deemed to have consented to the trial of the cause on its merits. *Setchell Auto Parts* v. *Artamian & Sutcliffe* 50 R. I. 144.

Hagerty sold the machine to his brother Paul and received as the purchase price a chattel mortgage thereon which was not recorded as provided by statute and was therefore invalid as to strangers to the proceedings. We think the trial justice was warranted in finding, as he evidently did, that Paul transferred the title to the corporation.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

SWEENEY, J., dissenting. I think the general rule stated in the opinion applies to the facts in this case. Wilfred L. Hagerty took peaceable possession of the machine under a claim of right before the receiver was appointed. The receiver's right to possession of the machine should be determined in an action at law and not in a summary manner upon his petition in the receivership proceedings. This is the rule which prevails in bankruptcy. 7 C. J. 106.

In *Groton Mfg. Co.* v. *R. I. Dairy Co.*, 11 R. I. 129, this court held that it was without jurisdiction to determine in a summary manner the validity of a chattel mortgage.

Hagerty's appeal ought to be sustained and the decree appealed from reversed.

*Wilfred L. Hagerty*, pro se.
*Edward W. Day*, Receiver, pro se.